UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TENNESSEE FARMERS MUTUAL INSURANCE COMPANY a/s/o GORDON TEFFETELLER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No.: 3:19-CV-492-TAV-DCP ) |
| CUMMINS, INC., | ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff moves for remand of this negligence and products liability action to the Knox County Circuit Court [Doc. 13]. Plaintiff has stipulated that it will not pursue relief in an amount satisfying the statutory threshold for federal diversity jurisdiction and argues its stipulation requires remand. Such a post-removal stipulation does not meet the standard for divesting this Court of jurisdiction, and defendant carries its burden of showing it is more likely than not that the amount in controversy exceeds the statutory threshold. Thus, the Court will **DENY** plaintiff's motion.

**I.     Background**

Plaintiff, a Tennessee company with its principal place of business in Columbia, Tennessee [Doc. 1 p. 2], originally filed its suit in the Circuit Court for Knox County, Tennessee, alleging various state-law claims, which arise out of damage allegedly caused by defendant's repairs to a truck insured by plaintiff [Doc. 1-1 p. 4]. Defendant, an Indiana corporation with its principal place of business in Columbus, Indiana [Doc. 1

p. 2], subsequently removed the action to this Court [Doc. 1]. Plaintiff has moved for remand, asserting this Court now lacks subject-matter jurisdiction; it relies on its post-removal stipulation that "it will limit all of its damages to $75,000.00, inclusive of punitive damages, attorneys' fees, pre- and post-judgment interest, and treble damages," that "all of its damages will not exceed $75,000.00," and that "it will not seek or accept an award of damages in excess of $75,000.00" [Docs. 13, 13-1].

The complaint alleges causes of action based on negligence, violations of the Tennessee Products Liability Act ("TPLA"), and violations of the Tennessee Consumer Protection Act ("TCPA") and requests relief in the form of $23,251.30—the amount plaintiff paid to the policyholder—in compensatory damages, pre- and post-judgment interest, the taxing of all discretionary and court costs to defendant, reasonable attorney's fees and costs, and treble damages pursuant to the TCPA [Doc. 1-1 p. 4–7].

Defendant has responded in opposition to plaintiff's motion [Doc. 17], and plaintiff has replied [Doc. 18].

## II. Analysis

Plaintiff argues that its post-removal stipulation deprives the Court of subject-matter jurisdiction to hear this diversity suit because the stipulation clarifies that the amount in controversy does not meet the statutory threshold. The Court finds that remand is not required and that defendant has shown it is more likely than not the amount in controversy is satisfied. Accordingly, the Court retains jurisdiction over this suit.

### A. Effect of Plaintiff's Post-Removal Stipulation

The sole issue with respect to the propriety of remand is whether this action satisfies the requisite amount in controversy to establish diversity jurisdiction under 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").[1] Generally, the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, where the plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2016), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the defendant bears the burden of establishing that "the amount in controversy 'more likely than not' exceeds $75,000." *Id.*; *see also Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). As discussed below, defendant has met that burden.

Yet, the Court must first determine whether plaintiff's post-removal stipulation that the amount in controversy does not exceed $75,000 requires remand to state court. The Sixth Circuit has held that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019) (holding that

---

[1.] The parties do not dispute that they are citizens of different states [Doc. 1 p. 2].

"[b]ecause [plaintiff's] stipulation was not his *first* post-removal statement regarding the damages sought . . . even [an] unequivocal rejection of damages exceeding $75,000 cannot serve as a retroactive, *per se* repudiation of federal jurisdiction").[2] However, where a plaintiff "provides specific information about the amount in controversy *for the first time*" after removal to federal court, *Heyman*, 781 F. App'x at 469 (citing *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)), a plaintiff's stipulation "is not deemed a postremoval change in the prayer for relief but merely a *clarification* of the plaintiff's intent." *Id.* at 470.

Courts applying this clarification standard have typically been presented with complaints in compliance with a state rule of civil procedure, such as Kentucky's, which "prohibits any plaintiff from specifically making a numerical demand in excess of the state's jurisdictional amount." *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (citing Rule 8.01(a), Ky. R. Civ. P.); *see, e.g.*, *Shelton v. Print Fulfillment Servs., LLC*, No. 3:16-CV-563, 2017 WL 455554, at *1, *2 (W.D. Ky. Feb. 1, 2017) (noting that plaintiff's stipulation was the first specific statement of alleged

---

[2] Plaintiff relies heavily on the conclusion by some district courts that the Supreme Court's decision in *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224 (2007), abrogated *Rogers*'s holding that a post-removal stipulation reducing the amount in controversy does not require remand. *See, e.g., Captain v. Wal-Mart Stores East, Inc.*, No. 10-501, 2010 WL 4875702 (S.D. Ohio Oct. 7, 2010), *adopted by* No. C-1-10-501, 2010 WL 4825890 (S.D. Ohio Nov. 23, 2010); *Roberts v. A&S Bldg. Sys., L.P.*, No. 3:07-CV-413, 2008 WL 220627, at *3 (E.D. Tenn. Jan. 25, 2008). But, since the Supreme Court decided *Powerex*, the Sixth Circuit has continued to cite to the supposedly abrogated holding in *Rogers* as settled law. *See Heyman*, 781 F. App'x at 469 (quoting *Rogers* for the proposition that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand); *Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Securities, Inc.*, 744 Fed. App'x 906, 913 (6th Cir. 2018) (same), and *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (same).

damages because his complaint followed Kentucky's rule and did not state the amount of damages), *Egan*, 237 F. Supp. 2d at 776 (finding stipulation to be a clarification where complaint only stated that "[p]laintiff's claim exceed[ed] the minimum threshold amount for this Court"), and *Van Etten v. Boston Sci. Corp.*, No. 3:09-CV-442, 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009) (finding post-removal stipulation to be a clarification where complaint did not state amount of damages).

Thus, in cases removed from Kentucky state courts and courts sitting in states with similar rules, a post-removal stipulation "is generally the 'first specific statement of the alleged damages.'" *Shelton*, 2017 WL 455554, at *3. In contrast, Tennessee Rule of Civil Procedure 8.01 requires that the complaint contain a demand for judgment. *See Albert v. Frye*, No. M2004-02014, 2006 WL 287398, at *3 (Tenn. Ct. App. Feb. 6, 2006) (holding plaintiffs satisfied Rule 8.01 by asking for a judgment in the amount of $64,000.00).[3]

Here, plaintiff argues that because it "did not specify the amount of all damages sought" and because the stipulation is plaintiff's first post-removal statement of damages, its statement represents a clarification of the amount in controversy [Doc. 13 p. 4]. But, the stipulation does not represent "the first time" plaintiff has provided specific information about the amount in controversy as required to qualify as a clarification. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x at 469. Rather, in an apparent effort

---

[3.] Finding it unnecessary to reach the second part of the analysis for deeming a post-removal stipulation a clarification requiring remand, the Court merely notes that "only an unequivocal statement and stipulation limiting damages will serve" as a clarification. *Id.* (internal citation omitted).

5

to comply with Tennessee Rule of Civil Procedure 8.01, plaintiff's complaint makes clear that it intends to seek $23,251.30 in compensatory damages, plus treble damages under the TCPA, the relevant provision of which provides for an award of "three (3) times the actual damages sustained." Tenn. Code Ann. § 47-18-109. As defendant argues [Doc. 17 p. 3], a logical reading of the complaint leads to the assumption that $23,251.30 represents plaintiff's actual damages since that is the loss plaintiff sustained as insurer of the damaged truck. This level of specificity contrasts with complaints where courts have found post-removal stipulations to be clarifications because those complaints did not state an amount in controversy, as in *Shelton*, or only vaguely referred to a maximum damages amount.[4]

---

[4.] Plaintiff cites to *Wilson v. Badejo*, No. 1:16-CV-2, 2017 WL 663544 (E.D. Tenn. Feb. 17, 2017), and *Roberts*, 2008 WL 220627, at *3, as support for its argument that a post-removal stipulation limiting damages to below the jurisdictional threshold divests the court of jurisdiction. But these cases are distinguishable from this case. First, the complaint in *Wilson* did not refer specifically to an amount in controversy; rather, it limited the judgment to "an amount to not exceed $75,000.00." 2017 WL 663544, at *1 (internal citation omitted). This general language makes *Wilson* analogous to the Kentucky cases stating merely that the damages exceeded the requisite amount under state-law in contrast to the specific identification of the amount of compensatory damages requested in this plaintiff's complaint. Second, the principal basis of the court's remand order in *Wilson* was defendants' failure to assert "any facts" making it more likely than not that the amount in controversy exceeded $75,000.00. 2017 WL 663544, at *4. The court held in the alternative only that, even if removal were proper, "the language in Plaintiff's complaint *and* his stipulation" demonstrated plaintiff's intent to limit the judgment amount. *Id.* at *5. Here, a reasonable reading of the language in plaintiff's complaint conflicts with its assertions in the stipulation. Finally, and most importantly, *Wilson* was decided prior to *Heyman* (though after *Shupe*, 566 Fed. App'x at 481), which reaffirmed the ruling in *Rogers* that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Heyman*, 781 Fed. App'x at 469 (quoting *Rogers*, 230 F.3d at 872).

Plaintiff's citation of *Roberts* is similarly unpersuasive. Decided before *Heyman*, *Shupe*, and *Beasley*, the *Roberts* opinion relied on the court's conclusion that *Powerex* had abrogated *Rogers* to find that plaintiff's post-removal stipulation controlled. It also highlighted plaintiff's evident confusion in her complaint and her stipulation about the meaning of the term

Moreover, while defendant demonstrates by specific calculations based on the claims alleged and the applicable law that "the amount in controversy more likely than not exceeds $75,000" [Doc. 17 p. 5], plaintiff does not explain how its requests for relief could amount to less than the statutory amount. Rather, plaintiff merely asserts that "the amount of damages [it] initially sought is unclear" [Doc. 18 p. 4]. Although plaintiff could have stated the amount in controversy *more* specifically, the complaint does not require the kind of clarification that would render plaintiff's stipulation effective to divest this Court of jurisdiction.

B.     **Defendant's Burden to Prove the Amount in Controversy**

Because plaintiff's stipulation does not require remand, the Court turns to whether defendant has met its burden of demonstrating that the amount in controversy more likely than not exceeds $75,000; the Court finds that it has.

Although the plaintiff is generally the master of the complaint, *Rogers*, 230 F.3d at 871, "[s]tate counterparts to Fed. R. Civ. P. 54(c) might enable a plaintiff to . . . seek and recover damages exceeding the amount prayed for." *Id.* Tennessee has such a rule. *Id.*; *see also Belew v. Seco Architectural Sys., Inc.*, 2017 WL 385775, at *2 (E.D. Tenn. Jan. 25, 2017) (quoting Tennessee Rule of Civil Procedure 54.03, which states "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."). In such a case,

---

"compensatory damages," which she consistently insisted would not exceed $75,000 but later stated included all damages. *Roberts*, 2008 WL220627, at *1, *3. Again, this suggests the *Roberts* court believed the complaint and stipulation were consistent and the stipulation served to clarify the complaint's meaning.

the defendant bears the burden of establishing that it is "more likely than not" the plaintiff's claims meet the amount in controversy requirement, regardless of whether the plaintiff alleges a specific amount in controversy. *Rogers*, 230 F.3d at 871 (internal citation omitted); *see also Naji v. Lincoln*, 665 F. App'x at 400 ("Where a plaintiff claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold.").

As discussed above and by defendant [Doc. 17 p. 2–3], the complaint prays for $23,251.30 in compensatory damages and treble damages under the TCPA, and it is reasonable to assume that the treble damages could amount to three (3) times the amount of compensatory damages requested, or $69,753.90. *Supra* p. 7–8. In combination with plaintiff's compensatory damages request, plaintiff's damages would total $93,005.20.

Additionally, plaintiff prays for reasonable attorney's fees and costs [Doc. 1-1 p. 7], and as defendant argues [Doc. 17 p. 3], the TCPA permits the Court to award plaintiff reasonable attorney's fees if it finds a TCPA violation has been committed. Tenn. Code Ann. § 47-18-109. "[W]hen mandated or allowed by statute, [reasonable attorney's fees] may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009); *see also Truck Centers, Inc. v. P&d Used Cars, Inc.*, No. 12-1098, 2012 WL 12899054, at *2 (W.D. Tenn. Nov. 16, 2012) (citing *Charvat* and including reasonable attorney's fees in its calculation of the amount in controversy on a TCPA claim). Assuming plaintiff only

recovered the estimated treble damages amount of $69,753.90 (and not the full compensatory damages amount, too), defendant calculates plaintiff's attorney's fees would exceed the $5,246.10 required to reach $75,000 [Doc. 17 p. 3]. Plaintiff does not dispute defendant's estimate.

Finally, defendant notes that plaintiff does not state the amount it seeks to recover on its claims under the TPLA [Doc. 17 p. 4]. But, the Court need not consider potential damages under the TPLA to find the statutory threshold for diversity jurisdiction satisfied.

Rather, considering plaintiff's pursuit of compensatory damages in the amount of $23,251.30, treble damages, and reasonable attorney's fees, which could be awarded under the TCPA, it is more likely than not that the amount in controversy exceeds $75,000. *See Truck Centers*, 2012 WL 12899054, at *2 (finding availability of treble or punitive damages, as well as attorney's fees, created probability that amount in controversy surmounted the $75,000 threshold); *Wallace v. Ocwen Loan Servicing, LLC*, No. 3-11-00810, 2011 WL 5023425, at *1–2 (M.D. Tenn. Oct. 16, 2011) (defendant satisfied burden even where plaintiffs did not specifically assert they were seeking treble damages and attorney's fees and stated they sought "compensatory and punitive damages from the Defendant in an amount not to exceed $74,000, but where they alleged violations of the TCPA). Therefore, the Court finds that it has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## III. Conclusion

Because this civil action is between citizens of different states and the amount in controversy more likely than not exceeds $75,000, 28 U.S.C. § 1332(a), and because plaintiff's post-removal stipulation is ineffective to divest this Court of jurisdiction, plaintiff's motion to remand [Doc. 13] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE